UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-21082-CIV-GOLD/MCALILEY

JET NETWORKS FC HOLDING CORP.,
JETCARD PLUS, INC., PAUL SVENSEN,
and JOSE M. SANCHEZ,

    Appellants,

v.

ALAN GOLDBERG,

    Appellee.
_____/

## ORDER DENYING MOTION FOR STAY PENDING APPEAL; CANCELING ORAL ARGUMENT; SETTING BRIEFING SCHEDULE

This CAUSE is before the Court on Appellant's Motions for Leave to File Appeal [DE 1][1] and Emergency Motion for Stay Pending Appeal [DE 4]. In the Motion for Leave to File Appeal, Appellants seek leave to appeal under 28 U.S.C. § 158(a) of the United States Bankruptcy Court's Order (1) Holding Defendants in Contempt; (2) Sanctioning Defendants and Their Counsel; and (3) Compelling Production of Additional Documents, entered on February 23, 2009 (the "Contempt Order"). In the Emergency Motion for Stay Pending Appeal, Appellants move for a stay of the Bankruptcy Court's Order and Judgment Liquidating Contempt Sanction ("Sanctions Order"), which was entered April 8, 2009, pending the appeal of the Contempt Order. Upon careful review of the pleadings, case file, and relevant law, oral argument in this matter would not be of assistance to this Court. For the reasons set forth below, the Motions for Leave to Appeal are moot and the Emergency

---

[1] A Motion for Leave to File Appeal was separately filed by Jose M. Sanchez in Case No. 09-21081-MC, which was consolidated with the above-captioned matter.

1

Motion for Stay Pending Appeal is denied.

**I.     Background and Procedural Posture**

Plaintiff Alan Goldberg, the Chapter 7 trustee in the bankruptcy case of Jet Network, LLC and the Appellee in this case, initiated the underlying adversary proceeding on June 13, 2008 against Defendants Jet Network FC Holdings Corp. ("JNFC"), Jet Card Plus, Inc. ("JCP"), and Paul Svensen.  The adversary proceeding alleged that Defendants have held out JNFC and JCP to the general public as affiliates of debtor Jet Network when they are in fact successors to Jet Network, and that Defendants misappropriated certain assets of Jet Network when it ceased its business operations in October 2007.  Over the course of the adversary proceeding, discovery disputes arose between the parties.  The failure by Defendants to produce certain documents led to a Motion for Contempt, filed by Plaintiff on January 6, 2009, for violation of the Bankruptcy Court's Order Granting Plaintiff's Motion to Compel Production of Documents [AP DE 75], which was filed on December 8, 2008 (the "Production Order").  The Bankruptcy Court, after consideration of all relevant pleadings and holding a hearing on the motion on January 29, 2009, issued the subject Order on appeal, which granted the Motion for Contempt.

The Order found that Defendants and their counsel Jose Sanchez (collectively the Appellants in this case) willfully violated the Production Order.  The Order describes in detail examples of Appellant's bad faith interpretation of allegations in the Motion for Contempt and various document requests and their failure to produce several categories of clearly identified and relevant documents.  The Contempt Order held Appellants in contempt and imposed sanctions in the amount of attorney's fees and expenses incurred by Plaintiff starting from the time the Motion for Contempt was drafted until the January 29,

2009 hearing. The Order set a deadline by which Plaintiff was to file a Notice of Fees and Costs, after which the Bankruptcy Court would "enter a Supplemental Order holding [Appellants] jointly and severally liable for payment of the sanction and setting a deadline for the payment to be made." Finally, the Order instructed Defendants to produce all documents required by the Production Order.[2] The subsequent Sanctions Order fixed the sanction amount at $25,000 in fees and $571,889 in costs to be paid on or before April 28, 2009.

Under a Protective Order [AP DE 76], entered on the same day as the Production Order, the Bankruptcy Court imposed certain conditions on the production of confidential material, one of which was that confidential materials produced by Defendants could not be shared with any "attorney or person representing Paul Parmar...[,]" who Defendants allege was the super-majority owner of Jet Network responsible for the failure of the enterprise. [AP DE 76, 4-5]. On January 23, 2009, Defendants moved to disqualify counsel for Appellee, John B. Hutton, III and his law firm Greenberg Traurig [AP DE 91] on the grounds that Greenberg Traurig was retained by Paul Parmar in two lawsuits. On February 19, 2009, the Bankruptcy Court denied the Motion to Disqualify [AP DE 97], and two subsequent Motions to Reconsider were denied on April 8, 2009 and April 24, 2009 respectively.[3]

---

[2] Defendant's attorney, Jose Sanchez, had withdrawn from representation on February 24, 2009. [AP DE 106].

[3] Defendants had filed a Motion for Clarification, Production of Additional Documents and Request for Evidentiary Hearing [AP DE 115] and Motion to Reconsider, Alter or Amend Judgment and/or Provide Relief from Judgment or Order and Request for Evidentiary Hearing [AP DE 129].

On May 5, 2009, Appellants filed the instant Emergency Motion for Stay of the Sanctions Order, which fixed the amount of sanctions and the date by which the money was to be paid, pending the appeal of the Contempt Order. By prior Order, I held this Motion in abeyance and required the posting of a supersedeas bond pending briefing and oral argument.

## II. Standard of Review

District courts sit as appellate courts over bankruptcy decisions. *Miner v. Bay Bank & Trust Co.* (*In re Miner*), 185 B.R. 362, 365 (N.D. Fla. 1995), aff'd, 83 F.3d 436 (11th Cir. 1996). A district court reviews a bankruptcy court's legal conclusions *de novo*, *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996), and factual findings for clear error, Fed. R. Bankr. P. 8013; *In re Gamble*, 168 F.3d 442, 444 (11th Cir. 1999). When district courts review the factual findings of a bankruptcy court, the burden is on the appellant to show that the bankruptcy court's findings are clearly erroneous. *Acquisition Corp. of Am. v. Fed. Sav. & Loan Ins. Corp.*, 96 B.R. 380, 382 (S.D. Fla. 1988). A finding of fact is not clearly erroneous unless "this court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been committed." *IBT Int'l, Inc. v. N.* (*In re Int'l Admin. Serv., Inc.*), 408 F.3d 689, 698 (11th Cir. 2005) (internal citations omitted).

"A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant." *In re Lickman*, 301 B.R. 739, 742 (Bankr M.D. Fla. 2003); *In re Adelphia Communications Corp.*, 333 B.R. 649, 659 (S.D.N.Y. 2005) ("A party seeking a stay pending appeal [under Rule 8005] carries a heavy burden."). In determining whether to grant a stay pending appeal, courts look to see if the movant has

shown four factors: "(i) that the movant is likely to prevail on the merits of its appeal;[4] (ii) that the movant will suffer irreparable injury if a stay or other injunctive relief is not granted; (iii) that other parties will suffer no substantial harm if a stay or other injunctive relief is granted; and (iv) in circumstances where the public interest is implicated, that the issuance of a stay or other injunctive relief will serve, rather than disserve, such public interest." *In re Shunnarah*, 273 B.R. 671, 672 (M.D. Fla. 2001); *see In re Micci*, 188 B.R. 697, 699 (S.D. Fla. 1995); *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). In addition, a court may give greater weight to some of these four factors over others, depending on the circumstances of the particular stay request. *In re The Charter Co.*, 72 B.R. 70, 71-72 (Bankr. M.D. Fla. 1987); *see In re Howley*, 38 B.R. 314, 315 (Bankr. D. Minn. 1984) (advising courts to consider the four factors "in light of the importance of the right of appeal and preservation of the status quo during the appeal"). "The movant must show satisfactory evidence on all four criteria, and the failure to satisfy one prong is fatal to the motion." *In re Lickman*, 301 B.R. at 742 (citations and internal quotation marks omitted).

When a movant brings its motion for a stay of a bankruptcy court order in the district court, the district court makes a *de novo* determination of whether to grant a stay, and the decision whether to grant a stay is within the sound discretion of the district court. *In re Jet 1 Center, Inc.*, 2006 WL 449252, at *1 (M.D. Fla. Feb. 23, 2006) (citing *Lang v. Lang (In re Lang)*, 414 F.3d 1191, 1202 n.31 (10th Cir. 2005)). Accordingly, I will determine *de novo*

---

[4] "A showing that the movant has a likelihood of success on the merits is a prerequisite to the granting of a stay pending appeal." *In re Lickman*, 301 B.R. at 742-43 (citation omitted). "A likelihood of success is shown when the [movant] has raised questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate inquiry." *Id.*

5

whether a stay is warranted.

### III.   Discussion

    A.   Motion for Leave to Appeal

Appellants have filed Motions for Leave to Appeal the Contempt Order. In response to these Motions, I entered an Order to Show Cause [DE 5] why the Contempt Order was an interlocutory order over which I have jurisdiction to hear on appeal. Upon a review of the parties' respective pleadings, I conclude that the Contempt Order is a final order and that Appellants did not need to seek leave to appeal the Order.[5]   Contempt orders resulting from discovery disputes are appealable final orders if the contempt order imposes "a fine or penalty ... that may not be avoided by some other form of compliance." *Carpenter v. Mohawk Indus., Inc.*, 541 F.3d 1048, 1054-55 (11th Cir. 2008); *S.E.C. v. Kirkland*, 533 F.3d 1323, 1324 (11th Cir.2008); *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 976 (11th Cir.1986) (in order for the contempt order to be immediately appealable, "[t]here must be both a finding of contempt and a noncontingent order of sanction."). Appellee argues that only the Sanctions Order is "arguably final" because the Sanctions Order, and not the Contempt Order, fixes the actual amount of the sanctions, I conclude that the Contempt Order is final as well because by its terms, it holds the Appellants in contempt and imposes sanctions in the amount of attorney's fees and expenses incurred

---

[5] Appellants JFC, JCP and Paul Svensen did not address the question of whether the Contempt Order was a final order in their Response to my Order to Show Cause, but focused instead on why the Order was a proper interlocutory order satisfying the three-prong test under *In re Pac. Forest Prod. Corp.*, 335 B.R. 910, 919 (S.D. Fla. 2005). Although these Appellants may have conceded that the Contempt Order was not final, I nevertheless conclude that the applicable law demonstrates the Contempt Order is properly considered a final order.

by Appellee that cannot be avoided, and which provided for the determination of the sanctions amount at a later date. The mere fact that the actual sanctions amount was determined by a different order does not render the Contempt Order interlocutory. Accordingly, the Appellants' respective Motions for Leave to Appeal are construed as Notices of Appeal.

  B. Emergency Motion for Stay Pending Appeal

Appellants argue in their Motion for Stay that their contemptuous actions were justified because Appellee's counsel, John Hutton, had attorney-client communications with Defendant Svensen prior to the commencement of the adversary proceeding and should not be given access to the documents that the Bankruptcy Court has ordered Defendants to turn over. Specifically, Appellants argue that they are likely to prevail because (1) they were denied an evidentiary hearing on the issue of misconduct and disqualification of Hutton; (2) they cannot be sanctioned for refusing to produce documents based on a good faith reliance on the Protective Order, which denied access to certain discovery materials to any attorney or person representing Paul Parmar; and (3) Hutton's conflict of interest prohibits him from receiving fees for his work. For the following reasons, the Motion is denied.

The purported bases for reversal of the Contempt Order, as advanced by Appellants, improperly frame this Court's analysis of the merits on appeal of the Contempt Order. As persuasively argued by Appellee, Appellants are seeking to appeal the Contempt Order on the basis of issues of law not properly preserved for appeal. First, the questions concerning the disqualification of Hutton and Greenberg Traurig should properly have been raised as an appeal of the Bankruptcy Court's denial of Defendants' Motion to

Disqualify and subsequent denials of their Motions to Reconsider. This order, which was entered on February 19, 2009, was not appealed, and the time for appeal of that order has passed. Fed. R. Bankr. P. 8002(a) ("The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order or decree appealed from."). Second, the argument now being advanced as the justification for noncompliance was not raised in Defendants' opposition to the Motion to Compel [AP DE 66], Appellants' Emergency Motion for Stay before the Bankruptcy Court [AP DE 133] or even Appellants' Motion for Leave to Appeal [DE 1].[6] Indeed, as Appellee correctly noted, the Motion for Stay is the first time Appellants are raising Hutton's conflict of interest as a defense to noncompliance with the Production Order.

The posture of this appeal reflects an attempt by Appellants to grasp at new arguments in order to continue resisting compliance with the Production Order. Established precedent in this Circuit provide that in civil cases, arguments raised for the first time on appeal are waived and not to be considered. *E.g.*, *Eagle Hosp. Physicians, LLC v. SPG Consulting, Inc.*, 561 F.3d 1298, 1303-04 (11th Cir. 2009); *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1140 (11th Cir. 2007); *Hurley v. Moore*, 233 F.3d

---

[6] In Defendants' opposition to the Motion to Compel, Defendants contest the scope and relevance of Plaintiff's document requests. In Appellants' Emergency Motion for Stay before the Bankruptcy Court, Appellants argue that a stay is warranted because it did not have the money to pay the sanction amount. In the Motion for Leave to Appeal, Appellant seeks leave to raise the following questions for consideration on appeal: whether (1) the Court erred in its findings of bad faith and willful violation by Appellees and their former counsel of the December 8, 2008 Order; (2) the Court abused its discretion in imposing sanctions on Appellees and their former counsel; and (3) the Court abused its discretion in imposing sanctions spanning to time periods before any alleged violation of the December 8, 2008 Order. There is no mention of any issues concerning the disqualification of Hutton or Greenberg Traurig in any of these pleadings.

1295, 1297 (11th Cir. 2000). Here, the arguments related to Hutton's conflict of interest are being raised for the first time in connection with the Contempt Order and Appellants have therefore failed to preserve this line of reasoning as a basis for reversal of the Contempt Order. Certain exceptions to this general rule exist. The Eleventh Circuit has previously held that an appellate court may consider (1) a pure question of law if the refusal to consider it would result in a miscarriage of justice; (2) an objection not raised in the court below when the appellant had no opportunity to raise the objection; (3) an objection not raised below when there is at stake a substantial interest of justice; (4) an issue not raised in the lower court when the proper resolution is beyond any doubt; and (5) an issue for the first time if the issue presents significant questions of general impact or great public concern. *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir. 1984). In light of the extensive litigation and ultimate dismissal of Appellants' conflict of interest concerns regarding Hutton and the Greenberg Traurig law firm, Appellants have had ample opportunity to raise these concerns, and there is no reason why those concerns should again be considered in the context of this appeal.

Viewed properly, this appeal is limited only to whether the Bankruptcy Court erred on finding Appellants in contempt and imposing monetary sanctions in the form of attorney fees. Whether the Bankruptcy Court erred in this respect is reviewed under an abuse of discretion standard. *Belize Telecom, Ltd. v. Gov't of Belize*, 528 F.3d 1298, 1303 (11th Cir. 2008) (a district court's imposition of contempt sanctions is reviewed for abuse of discretion); *Ross v. M/Y Andrea Aras*, 278 Fed. App. 988, 990 (11th Cir. 2008) ("We review only for an abuse of discretion a district court's decision about whether to impose discovery sanctions and whether to hold a party in contempt"). The Federal Rule of Bankruptcy

Procedure explicitly provide for a finding of contempt against parties who disobey discovery orders. Fed. R. Bankr. P. 7037(b)(2)(A)(vii) (the court may treat as contempt of court the failure to obey any discovery order).[7] There is no dispute that Appellants have failed to comply fully with the Production Order. Further, the Rules provide that where a party has failed to comply, the Bankruptcy Court *must* require the party in noncompliance and/or his attorney to "pay the reasonable expenses , including attorney's fees, caused by the failure [to obey], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Bankr. P. 7037(b)(2)(C). Here, the Bankruptcy Court has explained in detail and provided numerous examples of the willful and bad faith nature of Appellants' inadequate compliance with the Production Order and explanations for such noncompliance, that Appellants were engaging in gamesmanship for the purpose of thwarting and delaying discovery. Appellants have set forth no persuasive arguments they have a substantial likelihood of success in showing that the Bankruptcy Court abused its discretion in arriving at these findings and conclusions. In addition, I conclude that Appellants have not sufficiently satisfied the other factors to be considered in determining whether a stay pending appeal should be granted. In particular, from the perspective of the litigants and the public, the equities weigh in favor of denying the stay because continued noncompliance with the Bankruptcy Court's Production Order has delayed the

---

[7] The Eleventh Circuit has held, "[w]e will make a finding of civil contempt – that is, willful disregard of the authority of this Court – only upon a showing that the alleged contempt is clear and convincing." *Georgia Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007) The clear and convincing evidence must establish (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous, and (3) the alleged violator had the ability to comply with the order. *Id.* Appellants have not suggested that any of these elements have not been met.

administration of the underlying bankruptcy proceeding and imposed additional fees and expenses on the estate, causing continued and substantial harm to the Appellee, as Chapter 11 Trustee for the estate.  Accordingly, it is hereby:

ORDERED and ADJUDGED that

1. Appellants' Emergency Motion for Stay Pending Appeal [DE 4] is DENIED.

2. The Motions for Leave to File Appeal [DE 1] in this matter and the consolidated case of 09-21081-MC [DE 1] are DENIED as moot and construed as Notices of Appeal.

3. Oral argument scheduled for June 12, 2009 is CANCELED.

4. Appellants shall file their initial brief or notice their withdrawal of this appeal on or before June 26, 2009.  If Appellants elect to pursue this appeal, all other briefing deadlines shall be set in accordance with Fed. R. Bankr. P. 8009.

5. I reserve to rule on the Motion for Sanctions [DE 18] in conjunction with the merits of the appeal.  Sanctions shall be imposed for appeals filed vexatiously or in bad faith.  *In re Walker*, 309 Fed. App. 293 (11th Cir. 2009).

6. The Order to Show Cause [DE 5] is DISCHARGED.

DONE and ORDERED in Chambers in Miami, Florida, this 8th day of June, 2009.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
All counsel of record
Jose M Sanchez
5727 NW 7th Street #295
Miami, FL 33126